# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| SELECT REHABILITATION, LLC ) <br> f/k/a SELECT REHABILITATION, ) <br> INC., ) <br> ) <br> Plaintiff ) Case No. <br> ) _____ <br> v. ) <br> ) <br> SOLARIS HEALTHCARE MERRITT ) <br> ISLAND, LLC, ) <br> ) <br> Defendant. ) | |

## COMPLAINT

Plaintiff, Select Rehabilitation, LLC f/k/a Select Rehabilitation, Inc. ("Select") sues Defendant Solaris Healthcare Merritt Island, LLC ("Defendant") and states as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendant's failures to pay for therapy services provided by Select to residents of the skilled nursing facility operated by Defendant as set forth below.

## THE PARTIES

2. Select is a Delaware limited liability company with its principal place of business in Glenview, Illinois. For purposes of federal diversity jurisdiction, Select is a citizen of Illinois: Select's sole member is SRI Intermediate LLC, a Delaware limited liability company with its principal place of business in Illinois. SRI Intermediate LLC's sole member is SRI Holdings, LLC, a Delaware limited liability company. SRI Holdings, LLC's sole member is SRI Parent Corp., a Delaware corporation with its principal place of business in Illinois. Select provides therapy services to residents of long term care and skilled nursing facilities.

3. Defendant is a Florida limited liability company. For purposes of federal diversity jurisdiction, Defendant is a citizen of Florida: Defendant's sole member is Merritt Island Holdings LLC, a Florida limited liability company with its principal place of business in Florida. Merritt Island Holdings LLC's sole member is Solaris Foundation Inc., a Florida corporation with its principal place of business in Florida. Defendant operates a skilled nursing facility located at 500 Crockett Blvd, Merritt Island, Brevard County, FL 32953 (the "Facility"). Defendant may be served

through Registered Agents Inc., 7901 4th Street N., Ste. 300, St. Petersburg, FL 33702.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction because Defendant is a Florida LLC that transacted substantial and not isolated business within this State and entered into a contract (the Agreement, defined *infra*) to be performed in this State.

6. Venue is proper in this Court pursuant to Section 18 of the Agreement which provides that "[i]n the event of any action arising from or related to the terms of this Agreement, the venue thereof shall be the county where the Facility is located." The Facility is located within this judicial district.

## FACTS

7. Effective October 1, 2019, Select entered into an Amended and Restated Therapy Services Agreement as modified from time to time with Defendant (the "Agreement"). [1]

8. Pursuant to the Agreement, Select provided therapy services, including physical, occupational and speech therapy, to residents of the Facility and Defendant agreed to pay Select for such services pursuant to the terms of the Agreement.

9. Pursuant to the terms of the Agreement, Select submitted to Defendant the following invoices for payment for services rendered by Select and accepted by Defendant: invoice no. P68910 dated July 2022 in the amount of $56,815.90; invoice no. P69395 dated August 2022 in the amount of $123,975.90; invoice no. P69800 dated September 2022 in the amount of $124,963.82; and invoice no. P70489 dated October 2022 in the amount of $5,866.67 (the "Unpaid Invoices").

10. Pursuant to Section 3.1 of the Agreement, Defendant "shall pay each invoice within ninety (90) days of the invoice date."

---

[1] The Agreement contain confidential information, including pricing information, and have not been provided. Defendant has a copy of the Agreement. Unredacted copies can be provided to the Court and Defendant upon request, subject to appropriate confidentiality protections.

11. As of the date of this Complaint, the principal amount Defendant owes Select under the Unpaid Invoices is $311,622.29.

12. Defendant, without justification, excuse, or dispute the Unpaid Invoices, has not paid Select the Unpaid Invoices and has acquiesced to the accuracy of the accounts by failing to timely object to the invoices.

13. All conditions precedent to filing this action have been fulfilled, satisfied, waived or excused.

14. Select has retained the services of undersigned counsel and is obligated to pay counsel its reasonable attorney's fees, costs, and expenses of suit.

## COUNT I – BREACH OF CONTRACT

15. Select re-asserts and re-alleges paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Pursuant to the Agreement, Select provided therapy services to residents of the Facility, and Select performed all obligations required of it under the Agreement, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

17. Pursuant to the Agreement, Defendant is obligated to pay for the services provided by Select.

18. Despite repeated demands for the sums due and owing under the Agreement, Defendant failed and refused to pay for services provided by Select as reflected by the Unpaid Invoices. The outstanding balance of the Unpaid Invoices is accruing interest pursuant to the terms of the Agreement.

19. Select has conferred with Defendant numerous times regarding the Unpaid Invoices for services provided and amounts past due and made repeated demands for payment.

20. Despite Select's billing, repeated demands for payment of the Unpaid Invoices, and conferences regarding the same, Defendant failed to pay for services provided by Select as stated in the Unpaid Invoices.

21. Upon information and belief, Defendant has been reimbursed by Medicare or other third party payors for all or a significant portion of the services provided by Select and have directly or indirectly benefitted from such reimbursement.

22. The Agreement is a valid and enforceable contract.

23. Without legal justification or excuse, Defendant materially breached the Agreement with Select by failing to pay the Unpaid Invoices.

24. As a direct and proximate result of Defendant's breach of the Agreement, Select has suffered damages.

25. Pursuant to Section 3.2 of the Agreement, "[i]f [Defendant] fails to make any payment when due, late payments shall accrue interest on the outstanding balance of one percent (1%) per month, or the maximum rate allowed by law, whichever is lower."

26. Pursuant to Section 12 of the Agreement, "[i]n the event of an action or dispute arising from or related to this Agreement, the prevailing party shall be entitled to recover reasonable costs and attorneys' fees, even on appeal, in addition to any other relief to which it may be entitled."

**WHEREFORE**, Select Rehabilitation, LLC respectfully requests judgement against Defendant Solaris Healthcare Merritt Island, LLC for damages in an amount of no less than Three Hundred Eleven Thousand Six Hundred Twenty-Two and 29/100 dollars ($311,622.29) plus pre-and post-judgment interest, costs, reasonable attorneys' fees and expenses pursuant to Section 12 of the Agreement, and such other relief as this Court deems just and proper.

## **C**OUNT **II – U**NJUST **E**NRICHMENT

27. Except to the extent inconsistent with the relief requested in this Count, Select incorporates by reference each and every allegation set forth in paragraphs 1 through 14 above.

28. In the alternative, Select asserts this claim for Unjust Enrichment.

29. Select has provided valuable services to Defendant for which it has not been paid.

30. Select's services were rendered under circumstances pursuant to which Defendant reasonably should have expected Select would expect to be compensated.

31. Defendant has knowingly and willingly received, or will receive, reimbursement by Medicare and/or other third party payors, directly or indirectly, for services provided by Select and has wrongfully and intentionally withheld or will withhold such amounts from Select.

32. The circumstances are such that it is inequitable for Defendant to have received the benefit of Select's services without conferring any benefit upon Select in exchange for the value of the services received.

33. Consequently, Defendant has been unjustly enriched through the receipt of such services and at the expense of Select.

34. Furthermore, Defendant has a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to Select if they have not timely paid invoices for services provided by Select.

**WHEREFORE**, Select Rehabilitation, LLC respectfully requests judgement against Defendant Solaris Healthcare Merritt Island, LLC for damages in an amount of no less than Three Hundred Eleven Thousand Six Hundred Twenty-Two and 29/100 dollars ($311,622.29) plus pre-and post-judgment interest, costs and such other relief as this Court deems just and proper.

### COUNT III – ACCOUNT STATED

35. In the alternative, Select asserts this claim for Account Stated.

36. Except to the extent inconsistent with the relief requested in this Count, Select incorporates by reference each and every allegation set forth in paragraphs 1 through 14 above.

37. Before the institution of this action, Select and Defendant had business transactions between them pursuant to the Agreement.

38. Select had a practice of sending periodic, monthly invoices to Defendant, which was required under the Agreement.

39. Select rendered a statement of the account by Defendant the Unpaid Invoices.

40. Defendant did not object to the Unpaid Invoices, or the rendition of services reflected by the Unpaid Invoices.

41. Defendant owes Select $311,622.29, that is due with interest, on the account.

**WHEREFORE**, Select Rehabilitation, LLC respectfully requests judgement against Defendant Solaris Healthcare Merritt Island, LLC for damages in an amount of no less than Three Hundred Eleven Thousand Six Hundred Twenty-Two and 29/100 dollars ($311,622.29) plus pre-and post-judgment interest, costs and such other relief as this Court deems just and proper.

### COUNT IV - OPEN ACCOUNT

42. Except to the extent inconsistent with the relief requested in this Count, Select incorporates by reference each and every allegation set forth in paragraphs 1 through 14 above.

43. In the alternative, Select asserts this claim for Open Account.

44. Defendant owes Select the principal amount of $311,622.29, that is due with interest thereon, according to the account reflected by the Unpaid Invoices.

45. No part of the account has been paid.

**WHEREFORE**, Select Rehabilitation, LLC respectfully requests judgement against Defendant Solaris Healthcare Merritt Island, LLC for damages in an amount of no less than Three Hundred Eleven Thousand Six Hundred Twenty-Two and 29/100 dollars ($311,622.29) plus pre-and post-judgment interest, costs and such other relief as this Court deems just and proper.

Dated:    June 26, 2023

    Respectfully submitted,
    **BERGER SINGERMAN LLP**
    *Attorneys for Plaintiff*
    201 East Las Olas Blvd, Suite 1500
    Fort Lauderdale, FL  33301
    Telephone: (954) 525-9900
    Direct:      (954) 712-5138
    Facsimile: (954) 523-2872

    By:   *s/ Nicole Levy Kushner*
        MITCHELL W. BERGER
        Florida Bar No. 311340
        mberger@bergersingerman.com
        NICOLE LEVY KUSHNER
        Florida Bar No. 106995

nkushner@bergersingerman.com
cphillips@bergersingerman.com
drt@bergersingerman.com
FRED O. GOLDBERG
Florida Bar No. 898619
FGoldberg@bergersingerman.com

WALKER MORTON LLP
1401 Branding Avenue, Suite 300
Downers Grove, Illinois 60515
Telephone: 312.471.2900
Facsimile: 312.471.6001
Diane G. Walker (*pro hac vice* application forthcoming*)*
dwalker@walkerrnortonllp.com
Megan Moran (*pro hac vice* application forthcoming*)*
mmoran@walkermortonllp.com

*Attorneys for Plaintiff*